



Analysis
As of: Sep 14, 2012

**VIJUK EQUIPMENT INC., an Illinois corporation, Plaintiff, v. OTTO HOHNER KG, a German corporation, and HOHNER STITCHING PRODUCTS, INC., a Missouri corporation, Defendants**

**No. 89 C 5769**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

*1990 U.S. Dist. LEXIS 14354*

**October 25, 1990, Decided**
**October 29, 1990, Docketed**

**JUDGES:** [*1] Ilana Diamond Rovner, United States District Judge.

**OPINION BY:** ROVNER

**OPINION**

*MEMORANDUM OPINION AND ORDER*

This action arises out of the alleged breach of an exclusive distributorship agreement. Plaintiff Vijuk Equipment Inc. is an Illinois corporation with its principal place of business in Illinois. Plaintiff initially named two defendants. The first defendant was Otto Hohner KG ("Otto Hohner"), a German corporation with its principal place of business in Tuttlingen, Germany, which allegedly breached the distributorship agreement. The second defendant was Hohner Stitching Products, Inc. ("Hohner Stitching"), a Missouri corporation with its

principal place of business in Missouri, which allegedly induced the breach. Otto Hohner moved to dismiss the case based on a forum selection clause, and Hohner Stitching moved to dismiss on the ground that it was not in existence at the time of the existence of the contract of which it allegedly induced a breach. On January 22, 1990, the Court granted those motions without prejudice. Relevant background facts are set forth in the Court's opinion of that date. *Vijuk Equipment Inc. v. Otto Hohner KG, 728 F.Supp. 1368 (N.D. Ill. 1990)*.

Plaintiff subsequently [*2] filed an amended complaint solely against Hohner Stitching; plaintiff's action against Otto Hohner is now pending in Germany. In the amended complaint, plaintiff alleges that individuals who owned and served as officers of Otto Hohner organized Hohner Stitching for the purpose of having Hohner Stitching sell Otto Hohner's products in the United States. The amended complaint further alleges that those individuals serve as a director and an officer of

Hohner Stitching. Hohner Stitching has moved for summary judgment, arguing that the forum selection clause governs this dispute and that plaintiff's complaint fails to state a claim for relief.

The Court agrees that the forum selection clause governs this dispute. A forum selection agreement may be applied not only to disputes between the nominal parties of the agreement but also to related disputes involving other participants to the relevant transactions. *Manetti-Farrow, Inc. v. Gucci America, Inc., 858 F.2d 509, 514 n.5 (9th Cir. 1988)*; *Coastal Steel v. Tilghman Wheelabrator Ltd., 709 F.2d 190, 202-03* (3d Cir.), cert. denied, *464 U.S. 938, 104 S.Ct. 349 (1983)*; *Clinton v. Janger, 583 F.Supp. 284, 290 (N.D. Ill. 1984)*. [*3] Where the alleged conduct of the non-parties is very closely related to the contractual relationship, the forum selection clause should apply to those defendants. *Manetti-Farrow, 858 F.2d at 514 n.5*.

In this case, the conduct alleged of Hohner Stitching is intimately related to that alleged of Otto Hohner. The same individuals are apparently responsible for both alleged wrongs, and the alleged wrongs involve the same transactions. Furthermore, resolution of the dispute with Hohner Stitching depends on a determination of whether, when and by whom the distributorship agreement was breached -- the same issue which must be litigated in the dispute with Otto Hohner. Under these circumstances, litigating the disputes in two separate forums would be a substantial waste of resources for everyone involved.

Plaintiff argues that Germany does not have jurisdiction over the dispute with plaintiff and Hohner Stitching because neither party has any presence in Germany. Accordingly, plaintiff argues, dismissal of this case on the basis of the forum selection clause would deprive plaintiff of a forum in which to present its claims. This argument is similar to plaintiff's argument on the motion [*4] to dismiss that Otto Hohner might argue that it could not be subject to suit in Germany. The Court concluded that such a concern was not well-founded because the German court would presumably find that Otto Hohner was estopped from changing its position as

to the appropriate forum. *Vijuk, 728 F.Supp. at 1370*. Furthermore, the Court will dismiss this action without prejudice, so that if for some reason plaintiff is unable to proceed against Hohner Stitching in Germany, it may renew its complaint in this Court.

Plaintiff further argues that Hohner Stitching waived the forum selection argument by not raising it in the initial motion to dismiss. The Court is hesitant to adopt a strict waiver rule in this type of situation, where the defendant initially raised what it believed to be a very strong argument, where that argument resulted in a dismissal of the complaint, and where an amended complaint was subsequently filed. Plaintiff contends that Hohner Stitching's failure to timely assert the forum selection argument misled plaintiff into expending resources to amend its complaint and conduct initial discovery. The Court believes that any such expenditure of resources is outweighed [*5] by the duplication of effort which would occur if the Court were to retain jurisdiction over this case rather than allowing it to be litigated along with the primary action in Germany. Furthermore, any discovery which plaintiff has taken will undoubtedly be relevant in any future proceedings. [1]

> 1 Plaintiff has moved to strike Hohner Stitching's motion for summary judgment and an affidavit upon which that motion relies. Because the Court has not relied upon the information which plaintiff argues should be stricken, the Court need not and does not reach plaintiff's motion.

The Court concludes that dismissal of this action is warranted by the forum selection clause. The case is dismissed without prejudice. [2]

> 2 Hohner Stitching has moved for sanctions pursuant to *Fed. R. Civ. P. 11* on the ground that the amended complaint was filed in bad faith. The Court sees no evidence of bad faith, and the motion for sanctions is therefore denied.

[*6]