IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-00417-MOC-DCK

KENNETH L. BRYANT, BRYANT & )
ASSOCIATES, LLC, )
      Plaintiff )
       )
      v. )
       )
CAPGEMINI FINANCIAL SERVICES )
USA, INC. )
      Defendant )

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND

Plaintiffs submit the following Memorandum in support of their Motion for Leave to File Amended Complaint.

### NATURE OF THE CASE

Plaintiff filed this action in the Mecklenburg County Superior Court on May 31, 2012, alleging several claims against the Defendant. On July 10, 2012, the Defendant filed a Notice of Removal.

On July 17, 2012, Defendant served a Motion to Transfer Venue to the Northern District of Illinois. On August 9, 2012, the Plaintiffs filed a Motion to Remand to state court. On August 14, 2012, the Plaintiffs filed a Motion for Extension of Time to File their Brief in response to the motion to transfer for an indefinite time, pending a ruling on the motion to remand. On August 15, 2012, this Court entered an Order allowing the Plaintiffs until August 27, 2012 to file a Brief, and further stating, "The undersigned directs counsel for the parties to

further confer in an effort to resolve their disputes over venue and the amount in controversy, without Court intervention.  The parties might consider whether an amended complaint would be appropriate, and/or would help clarify any of the disputed issues."

Pending before the Court are the Motion to Remand and Motion to Transfer, in addition to the instant Motion for Leave to File Amended Complaint.

## ARGUMENT

Rule 15(a)(2) states, "[A] party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."

That an amendment to the complaint should generally be allowed, in the absence of prejudice or undue delay, is well-established.

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182, 9 L. Ed. 2d 222 226, 83 S. Ct. 227 230 (1962).

As stated by a case from the Western District of North Carolina:

> The Courts have shown a "strong liberality . . . in allowing amendments under Rule 15(a)."  Leave should be freely given to allow amendment for the purpose of

> presenting the real issues of the case, where the
> moving party has not exercised bad faith and is not
> acting to delay the disposition of the case, where the
> opposing party would not be prejudiced, and when
> unnecessary delay will not result if the motion to
> amend is granted.  The clearest cases for leave to
> amend are correction of an insufficient claim or
> defense and clarification of previously alleged claims.
> Leave to amend should also be freely granted to correct
> or clarify an insufficient statement of the
> jurisdictional basis of the suit.

Medoil Corp. v. Clark, 753 F. Supp. 592, 596 (W.D.N.C. 1990) (citations omitted).

Numerous cases reflect this principle that amendments are to be freely granted.  Deasy v. Hill, 833 F.2d 38, 40 (4th Cir. 1987), cert. denied, 485 U.S. 977 (1988) (district court may deny a motion to amend a pleading "where the motion has been unduly delayed and where allowing the amendment would unduly prejudice the non-movant"; "Delay alone, without prejudice, does not support the denial of a motion for leave to amend."); Harley v. Chao, 503 F. Supp. 2d 763, 770 (M.D.N.C. 2007) ("the federal rules strongly favor granting leave to amend"; citation omitted).

> We have interpreted Rule 15(a) to provide that "leave
> to amend a pleading should be denied only when the
> amendment would be prejudicial to the opposing party,
> there has been bad faith on the part of the moving
> party, or the amendment would have been futile."
> Whether an amendment is prejudicial will often be
> determined by the nature of the amendment and its
> timing.  A common example of a prejudicial amendment is
> one that "raises a new legal theory that would require
> the gathering and analysis of facts not already
> considered by the [defendant, and] is offered shortly
> before or during trial."  An amendment is not
> prejudicial, by contrast, if it merely adds an
> additional theory of recovery to the facts already pled

and is offered before any discovery has occurred. Laber v. Harvey, 438 F.3d 404, 426-427 (4th Cir. 2006) (citations omitted). Accord Brennan v. Tar Heel Home Supply, Inc., 62 F.R.D. 190, 193 (E.D.N.C. 1974) ("It has been held that although an Amendment must not introduce a cause of action substantially different, an alteration of the modes in which defendant has breached a legal duty or caused an injury is not an introduction of a new cause of action.").

In this case, the Defendant has not filed an Answer, and the parties have not engaged in any discovery. The proposed Amended Complaint does not result in any prejudice to the Defendant. In fact, the Amended Complaint can only work to the Defendant's benefit, in that it limits the Plaintiffs' recovery in this action. It is therefore bewildering that the Defendant would not consent to this proposed Amended Complaint. In any event, there has been no undue delay in seeking this amendment, and there is no prejudice to the Defendant, and therefore the motion should be allowed.

Further, the Plaintiffs are attempting to follow the suggestion of this Court in its Order from August 15, 2012, which stated, "The parties might consider whether an amended complaint would be appropriate, and/or would help clarify any of the disputed issues."

CONCLUSION

For the foregoing reasons, the Plaintiffs respectfully request this Court for leave to file the proposed Amended Complaint.

This the 8th day of October, 2012.

                                      s/John M. Kirby
                                      John M. Kirby
                                      Bar Number: 20014
                                      Attorney for Plaintiffs
                                      Law Offices of John M. Kirby
                                      2501 Blue Ridge Road, Ste. 250
                                      Raleigh, North Carolina 27607
                                      Telephone: (919)861-9050
                                      Fax:(919)863-4101
                                      E-mail: john@legal-nc.com

5

Case 3:12-cv-00417-MOC-DCK   Document 25   Filed 10/08/12   Page 5 of 7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-00417-MOC-DCK

KENNETH L. BRYANT, BRYANT & )
ASSOCIATES, LLC, )
    Plaintiff )
     )
    v. )
     )
CAPGEMINI FINANCIAL SERVICES )
USA, INC. )
    Defendant )

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, and the undersigned further certifies that copies of the aforementioned document was served on Defendant's additional counsel via First Class Mail by placing the same in a postage-prepaid envelope and depositing the same in an official depository under the exclusive custody and care of the United States Postal Service, addressed as follows:

    Gerald D. Silver, Esq.
    SULLIVAN & WORCESTER LLP
    1633 Broadway, 32nd Floor
    New York, NY 10019
    Counsel for Defendants

This the 8th day of October, 2012.

                        s/John M. Kirby
                        John M. Kirby
                        Bar Number: 20014

```
                                        Attorney for Plaintiffs
                                        Law Offices of John M. Kirby
                                        2501 Blue Ridge Road, Ste. 250
                                        Raleigh, North Carolina 27607
                                        Telephone: (919)861-9050
                                        Fax:(919)863-4101
                                        E-mail: john@legal-nc.com
```