IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-00417-MOC-DCK

KENNETH L. BRYANT, BRYANT     )
ASSOCIATES, LLC,                     )
       Plaintiff              )
                                 )
       v.                            )
                                 )
CAPGEMINI FINANCIAL SERVICES    )
USA, INC.                            )
       Defendant             )

PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION TO AMEND

    NOW COME the Plaintiffs, pursuant to LCvR 7.1(E), and submit the following Reply to the Defendant's Memorandum in Opposition to Plaintiff's Motion to Amend.

    The Defendant opposes the Plaintiffs' motion to amend on the basis that the instant Motion is in "bad faith" and is futile. Neither of these contentions has merit.

    The Defendant cites to a case from the Fifth Circuit to suggest that it is "bad faith" for a party to plead damages below the jurisdictional limit. The Defendant does not, however, address the numerous cases to the contrary from the Eastern, Middle and Western Districts of North Carolina which the Plaintiffs cited in their Reply to Defendant's Response to Plaintiff's Motion to Remand. See, e.g., Griffin v. Holmes, 843 F. Supp. 81, 88 (E.D.N.C. 1993).

The Defendant cites to Harless v. CSX Hotels, Inc., 389 F.3d 444 (4th Cir. 2004) seemingly for the proposition that a party should not be allowed to amend the complaint to avoid federal jurisdiction. In that case, the plaintiff in fact "had mixed motives in moving to amend the Complaint," and "clearly wanted to avoid federal court." Id. at 448. The Fourth Circuit nevertheless held that allowing the amendment was not error.

More importantly, however, the Defendant does not address in any fashion that on August 15, 2012, this Court entered an Order stating, "The undersigned directs counsel for the parties to further confer in an effort to resolve their disputes over venue and the amount in controversy, without Court intervention. The parties might consider whether an amended complaint would be appropriate, and/or would help clarify any of the disputed issues." The Motion to Amend was filed pursuant to the suggestion in this Court's Order, and it is therefore inconceivable that the Motion to Amend was filed in bad faith. The Plaintiffs' motion seeks only to limit the amount which the Plaintiffs will recover from the Defendant, and it is therefore difficult to perceive how this is in bad faith, and it is likewise peculiar that the Defendant opposes this motion.

The Defendant also contends that the amendment is futile on the basis that post-removal events do not deprive the court of jurisdiction. As noted above, however, numerous cases from this circuit hold that a plaintiff's post-removal stipulation as to

the damages he is seeking can be considered by the court in ruling on a motion to remand. Griffin v. Holmes, 843 F. Supp. at 88 ("a post-removal amount-in-controversy stipulation [is] a clarification permitted by Saint Paul [Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 294, 82 L. Ed. 845, 58 S. Ct. 586 (1938)], not an amendment forbidden by Saint Paul.").

The Defendant also argues that the amendment is futile because the amount sought is still in excess of $75,000 when the claim for attorneys fees under N.C. Gen. Stat. § 6-21.1 is considered. The Defendant does not, however, quote from that statute, or otherwise describe it. The statute actually reads:

> In any personal injury or property damage suit, or . . . ., instituted in a court of record, upon findings by the court (i) that there was an unwarranted refusal by the defendant to negotiate or pay the claim which constitutes the basis of such suit, (ii) that the amount of damages recovered is twenty thousand dollars ($20,000) or less, and (iii) that the amount of damages recovered exceeded the highest offer made by the defendant no later than 90 days before the commencement of trial, the presiding judge may, in the judge's discretion, allow a reasonable attorneys' fees to the duly licensed attorneys representing the litigant obtaining a judgment for damages in said suit, said attorneys' fees to be taxed as a part of the court costs. The attorneys' fees so awarded shall not exceed ten thousand dollars ($10,000).

This statute does not support the Defendant's position for two very clear reasons. First, the statute only applies if the compensatory damages are $20,000 or less; therefore, this statute would never apply if the Plaintiffs' damages were e.g. $40,000. Second, the statute caps legal fees at $10,000; and therefore even if we were to add $10,000 in legal fees to the total amount

3

sought of $42,973.28, that would yield only $52,973.28, which is far less than the jurisdictional amount of $75,000.

The Defendant's arguments to the contrary are simply misplaced, and the Defendant must have simply overlooked these points in its analysis.  <u>See</u> Defendant's Brief p. 2 ("In the proposed Amended Complaint, Plaintiffs continue to seek attorneys' fees in addition to damages of up to $45,000."); Defendant's Brief p. 6 ("It is, at least, more likely than not . . . that Plaintiffs will incur -- and seek to recover -- more than $30,000 in attorneys' fees in this action.  Combined with Plaintiffs' demand for up to $45,000 in compensatory damages, the diversity threshold is satisfied.").

CONCLUSION

For the foregoing reasons, the Plaintiffs respectfully request this Court for leave to file the proposed Amended Complaint.

This the 8th day of November, 2012.

> s/John M. Kirby
> John M. Kirby
> Bar Number: 20014
> Attorney for Plaintiffs
> Law Offices of John M. Kirby
> 2501 Blue Ridge Road, Ste. 250
> Raleigh, North Carolina 27607
> Telephone: (919)861-9050
> Fax:(919)863-4101
> E-mail: john@legal-nc.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-00417-MOC-DCK

KENNETH L. BRYANT, BRYANT & )
ASSOCIATES, LLC, )
    Plaintiff )
)
    v. )
)
CAPGEMINI FINANCIAL SERVICES )
USA, INC. )
    Defendant )

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, and the undersigned further certifies that copies of the aforementioned document was served on Defendant's additional counsel via First Class Mail by placing the same in a postage-prepaid envelope and depositing the same in an official depository under the exclusive custody and care of the United States Postal Service, addressed as follows:

    Gerald D. Silver, Esq.
    SULLIVAN & WORCESTER LLP
    1633 Broadway, 32nd Floor
    New York, NY 10019
    Counsel for Defendants

This the 8th day of November, 2012.

                              s/John M. Kirby
                              John M. Kirby
                              Bar Number: 20014

```
                              Attorney for Plaintiffs
                              Law Offices of John M. Kirby
                              2501 Blue Ridge Road, Ste. 250
                              Raleigh, North Carolina 27607
                              Telephone: (919)861-9050
                              Fax:(919)863-4101
                              E-mail: john@legal-nc.com
```

6

Case 3:12-cv-00417-MOC-DCK   Document 30   Filed 11/08/12   Page 6 of 6