# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:12-CV-417-MOC-DCK

| | |
|---|---|
| KENNETH L. BRYANT, BRYANT & ASSOCIATES, LLC, )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>CAPGEMINI FINANCIAL SERVICES )<br>USA, INC., )<br> )<br>Defendant. )<br>_____) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion For Leave To File Amended Complaint" (Document No. 24). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition. Having carefully considered the motion, the record, and, applicable authority, the undersigned will grant the motion.

## BACKGROUND

Plaintiffs Kenneth L. Bryant, and Bryant and Associates, LLC (together "Plaintiffs"), filed their original Complaint in this matter on May 31, 2012, in the Superior Court Division of Mecklenburg County, North Carolina against CAPGEMINI Financial Services USA, Inc. ("Defendant"). (Document No. 1-1). The Complaint asserts nine (9) claims for relief, and seeks compensatory and punitive damages, but does not set forth the amount of damages sought. Id.

Defendant filed its "Notice of Removal" (Document No. 1) with this Court on July 10, 2012. Although Defendant acknowledges that "Plaintiffs do not specify an amount in controversy in the Complaint," it states that it has "good reason to believe that Plaintiffs are seeking well in excess of $75,000." (Document No. 1, p.4). Defendant contends that Plaintiff's claim is "for $250,000 in punitive damages and at least $83,333 in compensatory damages." Id. As such, Plaintiff concludes

that the amount in controversy exceeds the federal jurisdictional requirement.  Id.  There is no dispute that the diversity requirement is satisfied.

"Defendant's Motion To Transfer Venue To The Northern District Of Illinois" (Document No. 2) was filed on July 17, 2012.  "Defendant's Motion To Transfer..." argues that the parties' underlying agreement provides that disputes must be litigated in Illinois under Illinois law, and that the relevant factors to be considered pursuant to 28 U.S.C. § 1404(a) strongly favor transfer to the Northern District of Illinois.  (Document Nos. 2-4).

On August 9, 2012, "Plaintiff's Motion To Remand" was filed with the Court asserting that the amount in controversy in this matter is not in excess of $75,000.  (Document Nos. 9-11). Plaintiff goes on to stipulate that the only monetary demand they have made was on July 24, 2012, for $42,973.28.  (Document No. 11, p.6;  Document No. 10, p.2);  see also, (Document No. 16). Plaintiff thus concludes that Defendant has not met is burden of establishing grounds for removal, and that this matter should be remanded to the Mecklenburg County Superior Court.  (Document No. 11).

On August 15, 2012, prior to either party filing a response to the motions for transfer and remand, the Court issued an "Order" (Document No. 14) allowing Plaintiff an extension of time to respond to "Defendant's Motion To Transfer Venue...," and specifically directing counsel for the parties

> to further confer in an effort to resolve their disputes over venue and the amount in controversy, without Court intervention.  The parties might consider whether an amended complaint would be appropriate, and/or would help clarify any of the disputed issues.

(Document No. 14, p.1).  To date, the parties have been unable to resolve their dispute regarding proper jurisdiction.

Subsequently, the motions to transfer and remand have been fully briefed, and "Plaintiff's Motion For Leave To File Amended Complaint" (Document No. 24) was filed with the Court. By their latest motion, Plaintiffs seek leave to amend their Complaint pursuant to Fed.R.Civ.P. 15(a)(2). (Document No. 24). Specifically, Plaintiffs contend that their Amended Complaint is "substantially identical" to the original Complaint, but completely withdraws the claim for punitive damages, and "clarifies that the Plaintiffs are not seeking more than $45,000." (Document No. 24, p.2). Plaintiffs also state that they seek to file the Amended Complaint "pursuant to this Court's Order on August 15, 2012," and "to clarify the issues pertinent to the motion to remand." Id.

"Defendant's Memorandum In Opposition To Plaintiffs' Motion For Leave To File Amended Complaint" (Document No. 29) was filed November 1, 2012. Defendant opposes the motion to amend because it contends the motion "was filed solely to attempt to defeat federal jurisdiction by manipulation of the amount in controversy" and that "the proposed amendment is without substantive or meritorious purpose and is therefore in bad faith." (Document No. 29, p.1). "Plaintiff's Reply..." (Document No. 30) was timely filed on November 8, 2012, and immediate review of this matter is appropriate.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments**. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so

requires.

Fed.R.Civ.P. 15(a)(2).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001)); see also, Foman v. Davis, 371 U.S. 178, 182 (1962). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182).

## DISCUSSION

After careful review of the pending motion to amend, as well as the record and other filings in this case, the undersigned is unable to conclude that the request to amend is prejudicial, made in bad faith, or futile. To the contrary, Plaintiffs' attempt to clarify the amount of damages they seek as less than $45,000, rather than the approximate amount estimated by Defendant as at least $333,333.00, appears to be made in good faith. See (Document No. 1, p.4). Moreover, Plaintiff's motion is consistent with the Court's previous Order suggesting that an amended complaint might further clarify the issues. (Document No. 14).

Revising the Complaint to state a specific damages figure, and withdrawing a claim for punitive damages, certainly clarifies and narrows the issues in this matter. In addition, such amendment is likely to reduce Defendant's litigation costs and to diminish its ultimate risk in this lawsuit. Even if Plaintiffs seek amendment with the hope of defeating federal jurisdiction, Defendant's claim that it is somehow prejudiced is inadequately supported. Regardless of where this litigation proceeds, it appears that Defendant benefits from the proposed amendment and clarification. The undersigned also observes that no initial attorney's conference has been held, and

4

presumably, no discovery has taken place thus far.

In short, the undersigned is not persuaded that there is sufficient evidence of prejudice, bad faith, or futility to outweigh the policy favoring granting leave to amend. Therefore, because the undersigned will order Plaintiff to file an Amended Complaint which supersedes the original Complaint, the undersigned will also direct that "Defendant's Motion To Transfer Venue..." (Document No. 2), and "Plaintiffs' Motion to Remand" (Document No. 9), be denied as moot.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) ("The general rule .... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Turner v. Kight, 192 F.Supp. 2d 391, 397 (D.Md. 2002) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended ... supersedes the pleading it modifies .... Once an amended pleading is interposed, the original pleading no longer performs any function in the case."); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc., 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

Although the parties are free to renew their motions to transfer and/or remand after an Amended Complaint is filed, the undersigned continues to believe that the dispute over the proper jurisdiction of this matter is amenable to resolution without Court intervention.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion For Leave To File Amended Complaint" (Document No. 24) is **GRANTED**. Plaintiff shall file an Amended Complaint on or before **November 21, 2012**.[1]

**IT IS FURTHER ORDERED** that "Defendant's Motion To Transfer Venue..." (Document No. 2) and "Plaintiff's Motion To Remand" (Document No. 9) are **DENIED AS MOOT**, without prejudice to being re-filed at a later date.

**SO ORDERED**.

Signed: November 14, 2012

David C. Keesler
United States Magistrate Judge

---

[1] The Administrative Procedures Governing Filing and Service by Electronic Means, revised January 1, 2012, at Part II, Section A, Paragraph 8, provide that: "If filing a document requires leave of the Court, such as an amended complaint, the attorney shall attach the proposed document as an exhibit to the motion according to the procedures in IV. If the Court grants the motion, the filer will be responsible for electronically filing the document on the case docket."