IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-00417-MOC-DCK

KENNETH L. BRYANT, BRYANT &   )
ASSOCIATES, LLC,              )
    Plaintiff              )
                           )     AMENDED COMPLAINT
    v.                     )
                           )
CAPGEMINI FINANCIAL SERVICES  )
USA, INC.                     )
    Defendant              )     (JURY TRIAL DEMANDED)

NOW COME the Plaintiffs, by and through the undersigned counsel, pursuant to this Court's Order dated November 14, 2012, and as their Amended Complaint against the Defendant, allege the following:

    1.   The Plaintiff Kenneth L. Bryant is a citizen and resident of Clay County, North Carolina.

    2.   The Plaintiff Bryant & Associates, LLC, is a limited liability corporation organized and existing under the laws of the State of Delaware, and having its office in Clay County, North Carolina, and doing business in Mecklenburg County, North Carolina.

    3.   The Defendant is a corporation organized and existing under the laws of the State of Illinois, with offices in Mecklenburg County.

    4.   In 2011, the Defendant recruited the Plaintiff to assist the Defendant with the creation and development of its Anti-Money Laundering Practice in North America.

    5.   The Defendant recruited the Plaintiff because of his reputation and stature in the industry.

    6.   On or about August 29, 2011, Bryant & Associates, LLC, through its managing director Kenneth L. Bryant, entered into a contractor agreement with the Defendant, pursuant to which the Plaintiffs agreed to provide services to the Defendant.

7.  From August 2011 to February 2012, there were six extensions of this contract.

8.  Plaintiffs repeatedly informed the Defendant that the Plaintiffs would need advance notice if the contract would not be renewed, so that the Plaintiffs could pursue other business opportunities and prospects.

9.  The Plaintiff fulfilled his duties toward the Defendant with distinction, and the Plaintiff's contributions over the course of his relationship with the Defendant were highly regarded by members of the Defendant's team.

10.  The Plaintiff, a contractor, was placed in a position of oversight over Defendant's employees without any authority for direct supervision or discipline over said Defendant's employees.

11.  Pursuant to said contract, Plaintiff Kenneth L. Bryant worked at the Defendant's office in Charlotte, North Carolina.

12.  The Plaintiff brought to said office for his use several items of personal property including but not limited to computers, monitors, folders, papers, and other items.

13.  The Defendant provided the Plaintiff with a cubicle at which to work, which included a desk and chair.

14.  The Defendant kept and maintained several items of personal property in and on his desk.

15.  The Defendant allowed the Plaintiffs to use miscellaneous items at the Defendant's Charlotte offices, including but not limited to pens, paper, copier, scanner, ink, etc.

16.  The sixth extension of the contract as set to expire on February 28, 2012, and on February 27, 2012, the Plaintiff Kenneth L. Bryant began packing his personal property to remove it from the Defendant's premises.

17.  The Defendant's principal officer Roy Stansbury in North America and the United Kingdom, personally guaranteed to the Plaintiff that his contract would be renewed, while claiming sufficient sole authority and in the presence of a witness, Erick C. Christensen, VP of Compliance.

18.  In reasonable reliance on this promise and representation by the Defendant, the Plaintiffs discontinued packing the items and returned items to the desk.

19. The Plaintiffs departed Charlotte on March 1, 2012, for the weekend with the intention to return the following Monday for the normal work week.

20. On March 2, 2012, contrary to the promises made to the Plaintiffs, the Defendant notified the Plaintiffs by long distance telephone that it would not renew the Plaintiffs' contract with the Defendant. Further, that the Plaintiffs' access to the Defendant's computer system would be terminated within the hour.

21. The Plaintiffs were harmed by the refusal of the Defendant to renew the contract and the refusal of the Defendant to provide the Plaintiff with adequate notice that the contract would not be renewed in that, *inter alia*, the Plaintiffs were deprived of the opportunity to explore other business opportunities and to schedule other business, and as described further below the Plaintiffs were put to great expense, loss, and inconvenience in retrieving their property from Charlotte.

22. Upon information and belief, said decision by the Defendant to not renew the Plaintiff's contract was caused in whole or in part by false and baseless allegations by one or more of the Defendant's employees.

23. Upon information and belief, Defendant's employees Tracy Leigh Jenkins and Steve A. Roberts, communicated false and defamatory information to the Defendant.

24. Said information provided by Tracy Leigh Jenkins and Steve A. Roberts was without foundation, and was, at best, a gross distortion of any interactions between the Plaintiff Kenneth L. Bryant and the Defendant's employees, both of whom, in addition to John J. Fauteux, were already subject to disciplinary and/or corrective action.

25. The Defendant, through its human resources personnel, including but not limited to Bill Grish, failed to adequately investigate the baseless allegations by Tracey Leigh Jenkins and Steve A. Roberts.

26. Mr. Grish and others employed by the Defendant failed to consult with the Plaintiff about these allegations.

27. The Defendant failed to keep confidential the unfounded allegations of Tracy Leigh Jenkins and Steve A. Roberts, and the Plaintiff's reputation was thereby damaged without an opportunity to defend himself.

28. A thorough investigation of these allegations by the Defendant would have revealed the existence of numerous email and

text communications, and phone records, receipts and witnesses, corroborating the Plaintiff's account, and tending to discredit and negate the accounts of Tracy Leigh Jenkins; a full investigation would also have tended to discredit and negate the accounts of Steve A. Roberts.

29. The Plaintiff anticipated that questions or disputes could arise with Tracy Leigh Jenkins, Steve A. Roberts, and/or John J. Fauteux, all employed by the Defendant, and for that specific reason and to protect the Plaintiffs' interests, the Plaintiffs maintained file folders pertaining to these three employees.

30. Following notice to the Plaintiffs that the Defendant would not renew the contract, the Plaintiffs contacted the Defendant to make arrangements to obtain their personal property at the Defendant's office in Charlotte, North Carolina.

31. The Plaintiff Kenneth L. Bryant resides approximately four (4) hours from Charlotte, and therefore travel to and from Charlotte is burdensome and requires planning.

32. The Defendant offered only to allow the Plaintiffs to obtain their items at very inconvenient times, such as after normal working hours and on the weekend.

33. The Defendant's abrupt termination of computer access and publicly communicated intention to place the Plaintiff's personal property at the elevator, in plain view of several persons; this, along with the limited hours at which the Defendant allowed the Plaintiffs to obtain their property, tended to disparage the Plaintiff and to cast him in a false and negative light.

34. The Plaintiffs subsequently demanded that the Defendant prepare a complete and accurate inventory of all items taken from the surface of his desk and the interior of his desk (including drawers).

35. The Defendant failed and refused to provide a timely, complete and accurate inventory of all such items.

36. The Defendant cut five or more locks which the Plaintiffs placed on the desk drawers, and removed items from the locked drawers.

37. The Defendant's agents removed the Plaintiffs' computer equipment from the desk.

38. The Defendant's agents also removed several paper files from the Plaintiffs' desk.

4

39. The Defendant's agents also removed other miscellaneous items from the Plaintiffs' desk.

40. The Defendant ultimately, after repeated requests, provided the Plaintiffs with a description of several paper files found at the Plaintiffs' desk.

41. The Defendant refused to return the documents described in the preceding paragraph to the Plaintiffs.

42. The Defendant further expressed its intention to review these documents, which the Plaintiffs had left at their desk at the Defendant's offices in Charlotte, North Carolina.

43. The Plaintiffs repeatedly demanded that the Defendant not inspect, review, or copy these documents, which were the personal property of the Plaintiff, and which documents were confidential to the Plaintiff's client and which the Plaintiff had a duty to protect.

44. The Plaintiffs further advised the Defendant that some of these documents were documents that the Plaintiffs generated in anticipation of litigation, and were therefore protected as Plaintiffs' work product.

45. Many of the Plaintiffs' documents seized by the Defendant predated the Plaintiffs' contract with the Defendant, and were clearly therefore the personal property of the Plaintiffs and were confidential documents to the Plaintiff's client.

46. Some of the Plaintiffs' documents which the Defendant seized consisted of email communications to or from Plaintiff Kenneth L. Bryant to other persons.

47. A substantial number or all of said emails were either sent from or sent to Plaintiffs' personal email account, which was distinct from the Defendant's email system.

48. Contrary to the Plaintiffs' demand, the Defendant in fact shipped the Plaintiffs' documents out of state, to the State of Illinois, or review by other of the Defendant's employees.

49. Plaintiffs, through counsel, strenuously implored Defendant to cease and desist and to not review said documents.

50. Contrary to Plaintiffs' aforementioned demands, the Defendant willfully, callously and intentionally reviewed the Plaintiffs' documents.

51. Some of the Plaintiffs' documents reviewed by the Defendants consist of documents the Plaintiff prepared, used or generated in connection with several of the Plaintiffs' clients, which documents the Plaintiffs wanted to maintain confidential as a duty to that specific client.

52. Defendant has invaded the Plaintiffs' rights, including rights to privacy and confidentiality and privilege, and has refused to return said documents to the Plaintiffs.

53. The Plaintiff has an interest in maintaining the security and integrity of some of the documents seized by the Defendant, including documents pertaining to one or more of the Plaintiff's clients which has nothing to do with the Plaintiffs' work for the Defendant.

54. On April 6, 2012, Plaintiffs' counsel requested the Defendant to return the Plaintiffs' property.

55. As of April 12, 2012, the Defendant had failed to return the documents and other items, and Plaintiffs' counsel again requested the return of the documents, and insisted that the Defendant not review the documents.

56. In the communication described in the preceding paragraph, Plaintiffs' counsel specifically offered to allow a Court to conduct an *in camera* inspection of the documents.

57. On April 13, 2012, the Defendant flatly rejected the Plaintiffs' offer to have a Court conduct an *in camera* inspection of the documents and the Defendant stated that it was "within its rights" in reviewing the documents which the Plaintiffs' left at the Defendant's premises at the location provided by the Defendant to the Plaintiffs to store such personal property.

58. On April 20, 2012, the Defendant threatened to ship the Plaintiffs' computer and other equipment out of state, said shipment to occur on April 27, 2012, notwithstanding that Capgemini had been specifically told in writing to not ship the Plaintiffs' personal property.

59. In order to avoid further risk and damage to his equipment, the Plaintiff drove to Charlotte, North Carolina, on April 25, 2012, at great personal expense and loss of time, to retrieve the property which he left at the Defendant's Charlotte offices in reliance on the Defendant's guarantee that the contract would be renewed.

60. When the Plaintiff arrived at the Defendant's office in Charlotte, he was told to not enter through the lobby or use the elevator in the main building, but instead to enter through the

back parking garage, and was provided with a cart to use to transport the items to his vehicle, parked in a nearby parking garage. The Defendant's actions tended to disparage the Plaintiff Kenneth L. Bryant and cast him in a false and negative light.

61. The Defendant had engaged the services of a Mr. Alan Glickman, upon information and belief employed or otherwise affiliated with Walden Security at Charlotte Plaza; the Defendant misrepresented Glickman's purpose in connection with the return of the Plaintiffs' property. The Defendant's actions tended to disparage the Plaintiff Kenneth L. Bryant and cast him in a false and negative light.

62. At all times alleged herein, Mr. Glickman was acting as an agent of and at the direction of the Defendant.

63. Mr. Glickman accompanied the Plaintiff to his vehicle, upon information and belief at the direction of the Defendant.

64. Mr. Glickman was engaged as a private protective services profession, pursuant to, *inter alia*, N.C. Gen. Stat. § 74C-3(a)(6), which applies to "Any person, firm, association, or corporation that provides a security guard on a contractual basis for another person, firm, association, or corporation for a fee or other valuable consideration and performs one or more of the following functions: a. Prevention or detection of intrusion, entry, larceny, vandalism, abuse, fire, or trespass on private property; b. Prevention, observation, or detection of any unauthorized activity on private property; c. Protection of patrons and persons lawfully authorized to be on the premises or being escorted between premises of the person, firm, association, or corporation that entered into the contract for security services; d. Control, regulation, or direction of the flow or movement of the public, whether by vehicle or otherwise, only to the extent and for the time directly and specifically required to assure the protection of properties."

65. Upon unloading the equipment in his vehicle, the Plaintiff attempted to transact banking business in an adjacent building through a connected walkway and to meet several Capgemini employees for a pre-arranged luncheon appointment.

66. Mr. Glickman, without lawful authority, advised the Plaintiff that he should not return to the building.

67. The Plaintiff explained to Mr. Glickman that he had a right to return to the building, to transact legitimate and public banking business and meetings.

7

68. Mr. Glickman informed the Plaintiff that he was a trespasser and purported to deem the Plaintiff to be a trespasser in the parking garage and/or in the building where the Plaintiff intended to transact business; Glickman called for more security officers.

69. Mr. Glickman stated that he was contacting other security officers and instructed that the Plaintiff Kenneth L. Bryant should not leave the area.

70. Mr. Glickman later stated that he was contacting the police and instructed that the Plaintiff not leave the area.

71. In compliance with the directive of Mr. Glickman, the Plaintiff Kenneth L. Bryant remained in the parking garage for several minutes, against his will, prior to departing the garage to transact business in the adjoining building.

72. Upon information and belief, Mr. Glickman was not properly licensed to perform these private protective services pursuant to N.C. Gen. Stat. § 74C-1 *et seq.*, and Mr. Glickman, at the Defendant's direction, was acting wholly without authority and in violation of North Carolina law.

73. In order to protect himself and his rights, the Plaintiff was forced to call the Charlotte Police Department, who advised him that he could enter the building if he were there to transact business.

74. Mr. Glickman accosted, harassed and assaulted the Plaintiff and wrongfully interfered with the Plaintiff's rights.

75. Mr. Glickman attempted to unlawfully prevent the Plaintiff from transacting business.

76. Upon the Plaintiff's examination of the personal property retrieved from the Defendant, he discovered that numerous mounting plates and screws were missing from the monitors, and said parts are not available for replacement by the original equipment manufacturer.

77. Upon information and belief, the Defendant stripped them and/or broke these items in disassembling them for shipping, which is not necessary for shipping and in direct contravention of the Plaintiff's wishes.

78. The Defendant has refused to return to the Plaintiffs numerous items of personal property, including but not limited to locks, a packet of document carriers and numerous other paper files; the Defendant might have failed to return other items,

which was rendered difficult to ascertain because the Defendant failed to provide an accurate inventory.

79. The Plaintiffs have been harmed by the deprivation of their property and the aforementioned violations of their rights to privacy, confidentiality and privilege.

80. The Defendants have refused to offer the Plaintiff compensation for the aforementioned losses, and have refused to return the Plaintiffs' documents and personal effects to the Plaintiffs.

FIRST CLAIM FOR RELIEF

(CONVERSION)

81. Plaintiffs reallege as if set forth fully herein the allegations of Paragraphs 1 – 80 of the Complaint.

82. When the Defendant came into possession of the Plaintiffs' property, the Plaintiffs were the lawful owner of these items and was entitled to their immediate possession.

83. The Defendant converted the property to its own use.

84. The Defendant exercised a right of ownership over personal property belonging to the Plaintiffs without authority.

85. The Defendant excluded the Plaintiffs from exercising their rights of ownership over their property without authority.

SECOND CLAIM FOR RELIEF

(TRESPASS TO CHATTELS)

86. Plaintiffs reallege as if set forth fully herein the allegations of Paragraphs 1 – 85 of the Complaint.

87. At the time the Defendant removed the Plaintiffs' personal property from the Plaintiffs' desk and cubicle, the Plaintiffs had constructive possession of their property.

88. The Defendant, without justification, authority or lawful excuse, interfered with the Plaintiffs' possession of their personal property.

THIRD CLAIM FOR RELIEF

(POSSESSION OF PROPERTY)

89. Plaintiffs reallege as if set forth fully herein the allegations of Paragraphs 1 – 88 of the Complaint.

90. The Plaintiffs are entitled to the return of their personal property from the Defendant.

FOURTH CLAIM FOR RELIEF

(BREACH OF CONTRACT)

91. Plaintiffs reallege as if set forth fully herein the allegations of Paragraphs 1 – 90 of the Complaint.

92. The Defendant breached its agreement to renew the Plaintiff's contract, and the Defendant failed to give the Plaintiff proper notification that the Defendant would not renew the contract.

93. The Plaintiff lost other business, opportunity, revenue and profits as a result of the Defendant's aforementioned breaches of contract and agreement.

FIFTH CLAIM FOR RELIEF

(NEGLIGENCE)

94. Plaintiffs reallege as if set forth fully herein the allegations of Paragraphs 1 – 93 of the Complaint.

95. The Defendant were negligent in advising the Plaintiff that his contract would be renewed, in failing to advise the Plaintiff that the contract would not be renewed, in the manner in which they investigated the allegations by Tracy Leigh Jenkins and Steve A. Roberts, in the manner in which they engaged and employed a person to perform private protective services without a proper license, and in the handling of the Plaintiffs' personal property.

96. As a result of the Defendant's acts of negligence, the Plaintiffs have been damages as described herein, including but not limited to the damage to personal property, the loss of documents, the loss of revenues and business opportunity, damage to reputation, travel expenses and loss of opportunity incurred with retrieving property from Charlotte.

SIXTH CLAIM FOR RELIEF

(NEGLIGENT MISREPRESENTATION)

97. Plaintiffs reallege as if set forth fully herein the allegations of Paragraphs 1 – 96 of the Complaint.

98. The Plaintiffs justifiably relied to their detriment on information provided by the Defendant, including but not limited to the Defendant's statement that the Plaintiffs' contract would be renewed.

99. The Defendant owed a duty of care to the Plaintiffs in providing information to them regarding whether the contract would be renewed.

100. The Plaintiffs could not have learned the true facts regarding whether the contract would be renewed by exercise of reasonable diligence.

101. The Defendant was negligent in advising the Plaintiff that his contract would be renewed and in failing to advise the Plaintiff that the contract would not be renewed.

102. As a result of the Defendant's acts of negligence, the Plaintiffs have been damages as described herein, including but not limited to the damage to personal property, the loss of documents, the loss of revenues and business opportunity, damage to reputation, travel expenses and loss of opportunity incurred with retrieving property from Charlotte.

SEVENTH CLAIM FOR RELIEF

(FALSE IMPRISONMENT / UNLAWFUL DETENTION)

103. Plaintiffs reallege as if set forth fully herein the allegations of Paragraphs 1 – 102 of the Complaint.

104. The Defendant, through Mr. Alan Glickman, falsely imprisoned the Plaintiff Kenneth L. Bryant by illegally restraining the Plaintiff Kenneth L. Bryant against his will.

105. The Plaintiff Kenneth L. Bryant was involuntarily restrained by the Defendant, through Mr. Alan Glickman.

106. The submission of the Plaintiff Kenneth L. Bryant was to a reasonably apprehended force.

107. The Defendant exercised force, or the express or implied threat of force, by which in fact the Plaintiff Kenneth L. Bryant was deprived of his liberty and compelled to remain where he did not wish to remain.

108. The Plaintiffs were harmed by the Defendant's false imprisonment and unlawful detention.

EIGHTH CLAIM FOR RELIEF

(CLAIM AND DELIVERY)

109. Plaintiffs reallege as if set forth fully herein the allegations of Paragraphs 1 – 108 of the Complaint.

110. The Plaintiffs seek an order of Claim and Deliver for the return of the Plaintiff's personal property described herein.

WHEREUPON, Plaintiffs respectfully pray for relief as follows:

1. That the Plaintiffs recover a Judgment against Defendant for compensatory damages in an amount not greater than $45,000;

2. That the Court enter an Order requiring the Defendant to return all of the Plaintiffs' property to the Plaintiffs;

3. That the Plaintiff recover attorneys fees pursuant to all appropriate statutes, including but not limited to G.S. § 6-21.1.

4. That all claims so triable be tried by a jury;

5. That the costs be taxed to Defendant; and

6. For any further relief as the Court deems just and proper.

This the 20th day of November, 2012.

    /s/ John M. Kirby
    Law Offices of John M. Kirby
    2501 Blue Ridge Road, Ste. 250
    Raleigh, North Carolina 27607
    (919) 861-9050

12
Case 3:12-cv-00417-MOC-DCK   Document 33   Filed 11/20/12   Page 12 of 15

```
                          Fax (919) 863-4101
                          john@legal-nc.com
                          State Bar No. 20014
                          Attorney for Plaintiffs
```

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-00417-MOC-DCK

KENNETH L. BRYANT, BRYANT & )
ASSOCIATES, LLC, )
    Plaintiff )
     )
    v. )
     )
CAPGEMINI FINANCIAL SERVICES )
USA, INC. )
    Defendant )

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, and the undersigned further certifies that copies of the aforementioned document was served on Defendant's additional counsel via First Class Mail by placing the same in a postage-prepaid envelope and depositing the same in an official depository under the exclusive custody and care of the United States Postal Service, addressed as follows:

    Gerald D. Silver, Esq.
    SULLIVAN & WORCESTER LLP
    1633 Broadway, 32nd Floor
    New York, NY 10019
    Counsel for Defendants

This the 20th day of November, 2012.

                        s/John M. Kirby
                        John M. Kirby
                        Bar Number: 20014

Attorney for Plaintiffs
Law Offices of John M. Kirby
2501 Blue Ridge Road, Ste. 250
Raleigh, North Carolina 27607
Telephone: (919)861-9050
Fax:(919)863-4101
E-mail: john@legal-nc.com